AYRES, Judge.
This is an action in expropriation under the so-called “Quick-Taking Statute,” LSA-R.S. 48:441 et seq. The purpose of the taking was for the construction of Interstate 20 and an interchange with State Highway 17 at Delhi. At this point the interstate runs generally east and west and Highway 17, north and south. The land from which the taking was made consisted of a tract of 106.577 acres, generally rectangular in shape, partially within and partially without the corporate limits of the town, bisected near the center by the local highway. To the east, the highway is intersected by another local road known as Sun Oil Road which forms the stem of a T-intersection. The highest and best use of the property was for residential subdivision purposes, with some commercial prospects along the local road.
The taking comprised 32.065 acres upon which there were some improvements. As a result of the taking three remainders were created, two north of the interstate divided by Highway 17, comprising approximately 29 and 32 acres, respectively, and one south of the interstate and west of the local road comprising 13.512 acres. The trial court found the value of defendant’s property before the taking to be $1,500 per acre. Severance damages to the remainders north of the interstate were conceded by defendant to have been offset by special benefits accruing to those remainders by virtue of the construction of the interstate. Before trial, defendant realized from the sale of a 1.62-acre tract out of one of those remainders the sum of $75,000. However, the court found that the remainder south of the interstate had decreased in value from $1,500 to $750 per acre, or in the total sum of $10,134, for which defendant was awarded damages.
From the judgment thus rendered and signed, plaintiff, State of Louisiana, through the Department of Highways, appealed. Defendant did not appeal nor answer plaintiff’s appeal; therefore, the propriety of the aforesaid award for severance damages is the only matter before the court on appeal.
Primarily involved is the question of severance damages to the remainder of defendant’s tract situated south of the interstate and west of State Highway 17, which, for convenience, may be designated as the southwest remainder. A secondary question is whether special benefits, if any, accrued, by virtue of the aforesaid construction, to the remainder or remainders of defendant’s property and whether such *403 benefits were sufficient in amount to offset severance damages allegedly sustained to the southwest remainder.
Where as a result of the construction of a public work a landowner’s remaining lands, or a part thereof, receive special benefits, severance damages to the remaining lands may be offset, or compensated, by such benefits.
Louisiana Highway Commission v. Grey, 197 La. 942, 2 So.2d 654 (1941);
State, Department of Highways v. Mouledous, 200 So.2d 384 (La.App., 3d Cir. 1967 — writs denied).
 The burden of establishing severance damages to property remaining after the expropriation is upon the owner. Such damages must be proved to a legal certainty and by a preponderance of evidence.
LSA-R.S. 48:453;
State v. Levy, 242 La. 259, 136 So.2d 35 (1961);
State, Department of Highways v. Mason, 218 So.2d 329 (La.App., 2d Cir. 1968).
To the contrary, the burden is upon the expropriating authority, in like manner and to a like degree, to establish special benefits accruing to defendant’s remaining land by virtue of the construction so as to effect an offset to severance damages.
State, Department of Highways v. McPherson, 261 La. 116, 259 So.2d 33 (1972);
City of New Orleans v. Giraud, 238 La. 278, 115 So.2d 349 (1959).
In this connection it has been stated:
“Once severance damages have been proved, however, the burden shifts to the taker to prove both the existence and the quantum of any special benefit received by the property which is available as an offset. This is true both in highway ‘quick-takings’ and in general expropriation cases. In the absence of affirmative proof of the amount of special benefits, the claim to such an offset against severance damages will be dismissed.”
31 La.L.Rev. 431, 447.
See also:
City of New Orleans v. Giraud, supra;
State, Department of Highways v. Marks, 188 So.2d 653 (La.App., 4th Cir. 1966);
State, Department of Highways v. Matise, 170 So.2d 709 (La.App., 1st Cir. 1964).
The question of severance damages in the instant case has been restricted by defendant’s concession to the southwest remainder. This segment formerly fronted on Highway 17 and was bounded on the south by a gravel road. This access, however, was destroyed by the construction of the interstate as was the segment’s frontage on the highway. Access, however, but not frontage, was restored by the construction of a connecting length between the gravel road and Highway 17. As a result, this remainder of defendant’s property was isolated from the other remainders of the property north of the interstate. It appears pertinent to point out that prior to the taking this remainder had, as did the entire tract, access to the public utilities afforded by the Town of Delhi, notably water and sewer connections.
The southwest remainder’s irregular and elongated shape, as well as its location at the back side and adjacency to the interstate, detracted from its market value. In accordance with testimony' of defendant’s two expert witnesses, the trial judge concluded that by virtue of the construction the market value of this remainder diminished by 50% of its value. The value before the taking of defendant’s entire tract was found to be $1,500 per acre. This evaluation is not questioned on this *404 appeal, but has been accepted by the expropriating authority. The value, after the taking, has been, in our opinion, amply established.
Whether the proof offered to establish special benefits is sufficient to offset, or compensate, for severance damages presents another question. After trial, the court concluded from the record that plaintiff had not sustained its burden of proof to that degree of legal certainty as required by law. The evidence offered was said by the court to be unsatisfactory, unconvincing, not supported by sound reasoning, and constituted mere unsupported conclusions of the witnesses. It was there pointed out that other than the testimony as to the sale in one instance, testimony offered on behalf of the State with reference to special benefits was speculative and conjectural.
Plaintiff’s witnesses, W. Dean Carter and Wayne Medley, testified that defendant’s remaining property had enhanced in value or had received special benefits in the sums of $140,000 and $106,509, respectively, but many of the purported comparable sales with which defendant’s property was compared were remote in time, as well as distance, from the subject property. For instance, and to illustrate, Carter testified to the effect that certain of defendant’s property had a value before taking of $540 per acre and a value after taking of $1,500 per acre. Medley testified the values were $600 and $750 respectively. The difference in these before- and after-taking values was stated by the witnesses to have been due to the construction of the interstate and constituted benefits which should have offset any severance damages.
As already noted, the court found, and its conclusion is unquestioned in this court, that defendant’s entire tract had a value before taking of $1,500 per acre. From the reasoning above referred to, it cannot be safely conluded that plaintiff has established special benefits to the remainder of defendant’s property. Where both the before- and the after-taking evaluations are erroneous, we cannot assume that the difference between the two purported values represents special benefits. The special benefits alleged to have accrued to defendant’s property are manifestly not established.
Essentially, severance damage is any depreciation in market value of the remaining area caused by the taking.
Texas Pipe Line Company v. Barbe, 229 La. 191, 85 So.2d 260 (1955);
State, Department of Highways v. Waterbury, 171 So.2d 790 (La.App., 3d Cir. 1965).
By the same reasoning, it appears that special benefits to the remainder are any increments in the market value caused by the new improvements for which the property was taken.
State, Department of Highways v. Waterbury, supra.
Thus, it follows that special benefits to the remainder of a tract taken for public purposes must also be established as accruing to the property as a result of the construction of the public improvements. The evidence leaves considerable doubt as to what enhancement in value the property may have experienced, if any, was due to the construction. See also:
State, Department of Highways v. Mouledous, supra.
Our painstaking review of the record has not, in our opinion, disclosed any manifest error in the judgment appealed; hence, it is affirmed at such costs as are legally assessable against the State of Louisiana, through the Department of Highways.
Affirmed.